John B. Sganga (SBN 116,211)
john.sganga@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Loni Morrow (SBN 287,693)
Loni.morrow@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Telephone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
**LUND MOTION PRODUCTS, INC.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| LUND MOTION PRODUCTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>REV WHEEL LLC, a California limited liability company,<br><br>Defendant. | Case No. 17-cv-883<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lund Motion Products, Inc. ("Plaintiff" or "Lund") hereby complains of Defendant Rev Wheel, LLC. d/b/a DV8 Off-Road ("Defendant" or "Rev Wheel") and alleges as follows:

## I.  <u>THE PARTIES</u>

1.      Plaintiff Lund Motion Products, Inc. is a Delaware corporation having a principal place of business at 4325 Hamilton Mill Road, Suite 400 Buford, GA 30518.

2.      Upon information and belief, Defendant Rev Wheel, LLC is a limited liability company organized under the laws of the state of California with its principal place of business at 421 Main St., Riverside, CA 92501. Defendant Rev Wheel, LLC does business under its own name and as DV8 Off-Road.

## II.  <u>JURISDICTION AND VENUE</u>

3.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., more particularly, 35 U.S.C. §§ 271 and 281.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Rev Wheel resides in California and is subject to personal jurisdiction in California, and has committed the acts complained of herein within this judicial district and elsewhere.  Rev Wheel's activities in this district include sales, marketing, and promotional activities for retractable vehicle steps, including the DV8 Electric Steps accused of infringement in this lawsuit.

6.      Lund sells in the United States products covered by one or more of the patents asserted herein.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

/ / /

### III.  THE ASSERTED PATENTS

8.     Lund is the owner by assignment of U.S. Patent 8,157,277, entitled "Retractable Vehicle Step" ("the '277 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 17, 2012.  A true and correct copy of the '277 patent is attached hereto as Exhibit 1.

9.     Lund is the owner by assignment of U.S. Patent 9,302,626, entitled "Retractable Vehicle Step" ("the '626 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 5, 2016.  A true and correct copy of the '626 patent is attached hereto as Exhibit 2.

10.    Lund is the owner by assignment of U.S. Patent 9,561,751, entitled "Retractable Vehicle Step" ("the '751 patent"), which the United States Patent and Trademark Office lawfully and duly issued on February 7, 2017.  A true and correct copy of the '751 patent is attached hereto as Exhibit 3.

### IV.  ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

11.    Lund, together with its affiliates, is one of world's leading automotive accessories providers, offering functional, high-performance, protective and stylish products from the industry's most recognized brand names.

12.    The products at issue in the lawsuit are retractable vehicle steps, also known as retractable running boards, which attach to the side of a vehicle and are capable of extending outward for use as a step and retracting inward at least partially under the vehicle.

13.    In 2013 Lund acquired all of the assets of AMP Research, the manufacturer of the PowerStep$^{TM}$ and PowerStep XL$^{TM}$ lines of retractable vehicle steps (collectively "the PowerStep$^{TM}$").  The PowerStep$^{TM}$ is very well known in the industry, has been cited by Automotive News, and is marketed as the "best-built, best-performing and best-selling product of its kind."  Since 2003, several major automotive manufacturers – including Lincoln, Cadillac,

GMC, Chevrolet, Range Rover, and Chrysler – have offered the PowerStep™ on new vehicles, either as a factory option or as an accessory.

14.    Lund has a large patent portfolio covering its innovative retractable vehicle steps, including a family of patents that includes the '277 patent, the '626 patent, and the '751 patent.  Lund marks its PowerStep™ with this patent family in two ways.  First, Lund marks the end cap of the PowerStep™ with the patent numbers of several of the patents in the family of the asserted patents.  One of those patents is U.S. Patent No. 7,566,064, the "parent" of the '277 patent and a "grandparent" of the '626 and '751 patents.  Second, Lund marks the PowerStep™ with the phrase "additional patent info: www.amp-research.com," and lists additional patents on its website.  One of those patents is the '277 patent.  *See* http://www.amp-research.com/company/patents/.

15.    Rev Wheel has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, retractable vehicle steps such as the 2-door DV8 Electric Step and the 4-door DV8 Electric Step ("the DV8 Electric Steps") that infringe one or more claims of the '277 patent, the '626 patent, and the '751 patent ("the asserted patents").

16.    Rev Wheel has marketed and offered to sell the DV8 Electric Steps through trade shows, including the Specialty Equipment Market Association (SEMA) trade show in Las Vegas, Nevada.  SEMA is touted as the "premier automotive specialty products trade event in the world" and draws more than 70,000 domestic and international buyers.

17.    Lund and AMP Research have been the recipients of several SEMA awards throughout the years.  Specifically, AMP Research received the award for Best New Merchandising Display for their PowerStep™ retail display at the 2012 SEMA Show New Products Showcase.  Additionally, Lund's PowerStep XL™ product was the winner of the 2014 and 2015 SEMA New Product Award in the category of Exterior Accessory Products.  The 2015

SEMA New Product Awards were "given to the most innovative and cutting-edge new and featured automotive aftermarket products" and were selected from nearly 2000 products in 16 categories. *See* https://www.sema.org/sema-enews/2014/46/sema-announces-2015-new-product-award-winners-show. Furthermore, Lund's PowerStep XL™ product was featured on the 2016 SEMA Show Hottest Truck winner, the '16/'17 Ford F-250 Super Duty Truck. *See* https://www.sema.org/sema-news/2017/01/the-2016-sema-award.

18.     At the 2015 and 2016 SEMA trade shows, Rev Wheel had a booth advertising its DV8 Electric Steps very near the Lund booth, where the PowerStep™ was marketed. Lund's booth was very large and prominent, and contained multiple trucks outfitted with Lund's products, including the PowerStep™. Given the proximity of the parties' booths and the industry-leading status of Lund's PowerStep™ products, Rev Wheel was necessarily aware of the PowerStep™ when it marketed its competing DV8 Electric Step products at the 2015 and 2016 SEMA shows.

19.     Rev Wheel has marketed, offered to sell, and sold the DV8 Electric Steps on-line and through catalogs, including through the website located at https://dv8offroad.com/collections/jeep-jk-rock-sliders. *See* Exhibits 4 and 5.

20.     T-Max, LLC manufactures at least part of the DV8 Electric Steps sold by Rev Wheel. T-Max, LLC has been the subject of at least one patent infringement lawsuit filed by Lund's predecessor AMP Research. *See* 89908 Inc. v. T-Max, LLC *et al.*, Case No. 8-08-cv-00323 (C.D. Cal.). The lawsuit resulted in a consent judgment and permanent injunction against T-Max, LLC, noting that T-Max's retractable step infringed two other patents in the family of patents that includes the asserted patents. Exhibit 6. Therefore T-Max and its current distributor Rev Wheel were aware that Lund possessed an extensive intellectual-property portfolio that protects the technology in its industry-leading PowerStep™ products.

- 4 -

21.     Rev Wheel's decision to launch its DV8 Electric Steps was done with knowledge of, or willful blindness with respect to, the asserted patents.

22.     Rev Wheel's decision to launch its DV8 Electric Steps was done with knowledge, or willful blindness to the known risk, that the DV8 Electric Steps would infringe one of more of the asserted patents.

23.     Rev Wheel's actions were egregious, willful, wanton, and done in reckless or callous disregard of, or with indifference to, Lund's patent rights.

## V.  <u>CLAIMS FOR PATENT INFRINGEMENT</u>

### <u>FIRST CLAIM FOR RELIEF</u>

### <u>(Infringement of U.S. Patent No. 8,157,277)</u>

24.     Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 23.

25.     Certain of Rev Wheel's retractable vehicle step products, including at least the DV8 Electric Steps, are covered by one or more claims of the '277 patent, including at least Claim 27.

26.     Rev Wheel has infringed the '277 patent under 35 U.S.C. § 271(a), § 271(b), and § 271(c) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the DV8 Electric Steps.

27.     Rev Wheel has directly infringed one or more claims of the '277 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of the DV8 Electric Steps.

28.     For example, the DV8 Electric Steps include all of the limitations of Claim 27 of the '277 patent.

29.     The DV8 Electric Steps include a first support arm and a second support arm connectable with respect to an underside of a vehicle so as to be pivotable about a first axis oriented generally parallel to the ground and a second axis oriented generally parallel to the ground.

30.    The DV8 Electric Steps also include a step member with an upper stepping surface where the first support arm and the second support arm are connected to the step member so that the first support arm and the second support arm are pivotable with respect to the step member about a third axis and a fourth axis, where the second axis is located inboard from the first axis.  The first and second support arms allow the step member to move between a retracted position and a deployed position.

31.    When the DV8 Electric Steps are viewed in a plane perpendicular to the first axis, a first line can be drawn between the first axis and the third axis and a second line can be drawn between the second axis and the fourth axis, where the first line and the second line are not parallel and will intersect at a point spaced outboard of the support arms when the step member is in the retracted position.

32.    The step member of the DV8 Electric Steps includes a plane for supporting at least a forefoot and the upper stepping surface has an inboard end and an outboard end, where the plane is in a first orientation when the step member is in the deployed position and a second orientation when the step member is in the retracted position.  The second orientation is inclined with respect to the first orientation so that the outboard end is located upwards from the inboard end when the plane is in the second orientation.

33.    Rev Wheel was aware of the '277 patent at least because it was aware of Lund's prominent PowerStep™ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof.

34.    Rev Wheel has actively induced and/or will actively induce others to infringe the '277 patent.  Rev Wheel's acts constitute induced infringement of the '277 patent in violation of 35 U.S.C. § 271(b).

35.    Rev Wheel actively induces dealers, retailers, distributors, and users to directly infringe the asserted claims of the '277 patent.  By way of

example only, upon information and belief, Rev Wheel actively induces direct infringement of the '277 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the installation, use, refurbishing, and/or servicing of the DV8 Electric Steps.  Upon information and belief, Rev Wheel acted with the knowledge that the actions it induced would constitute infringement.

36.     Rev Wheel's actions also constitute contributory infringement of the '277 patent in violation of 35 U.S.C. § 271(c).  Rev Wheel contributorily infringes because, among other things, Rev Wheel offers to sell and/or sells within the United States, and/or imports into the United States, components of the DV8 Electric Steps that constitute material parts of the invention of the asserted claims of the '277 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Rev Wheel to be especially made or especially adapted for use in an infringement of the '277 patent.

37.     Upon information and belief, Rev Wheel's ongoing infringement of the '277 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '277 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

38.     As a consequence of Rev Wheel's infringement of the '277 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

39.     Unless enjoined, Rev Wheel and/or others acting on behalf of Rev Wheel will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

/ / /

/ / /

/ / /

- 7 -

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 9,302,626)

40.     Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 39.

41.     Certain of Rev Wheel's retractable vehicle step products, including at least the DV8 Electric Steps, are covered by one or more claims of the '626 patent, including at least Claims 1 and 8.

42.     Rev Wheel has infringed the '626 patent under 35 U.S.C. § 271(a), § 271(b), and § 271(c) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the DV8 Electric Steps.

43.     Rev Wheel has directly infringed one or more claims of the '626 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of the DV8 Electric Steps.

44.     For example, the DV8 Electric Steps include all of the limitations of Claim 1 and Claim 8 of the '626 patent.

45.     The DV8 Electric Steps include an attachment portion configured to connect to an underside of a vehicle.

46.     The DV8 Electric Steps also include a pair of linkage arms that are pivotably attached to the attachment portion at an axis oriented generally parallel to the ground, where a first pair of linkage arms is located more towards the longitudinal vehicle centerline than a second pair of linkage arms.

47.     The DV8 Electric Steps also include a stepping member pivotably connected to the pair of linkage arms at a stepping axis oriented generally parallel to the ground, where the stepping member comprises a stepping deck having a width greater than a width of each of the pair of linkage arms and configured to receive a force onto the stepping deck.

/ / /

- 8 -

48.     The DV8 Electric Steps are configured to translate between a deployed and retracted position by the rotation of the pair of linkage arms and the stepping member, where the stepping deck is located under the vehicle in the retracted position and at least partially extends from under the vehicle in the deployed position.

49.     In the DV8 Electric Steps, one pair of linkage arms is longer than another pair of linkage arms.

50.     The DV8 Electric Steps also include a stepping deck that defines a plane for supporting at least a forefoot, the plane takes on a first orientation when the stepping member is in the deployed position and a second orientation when the stepping member is in the retracted position, where the second orientation is inclined with respect to the first orientation.

51.     Rev Wheel was aware of the '626 patent at least because it was aware of Lund's prominent PowerStep$^{TM}$ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof.

52.     Rev Wheel has actively induced and/or will actively induce others to infringe the '626 patent.  Rev Wheel's acts constitute induced infringement of the '626 patent in violation of 35 U.S.C. § 271(b).

53.     Rev Wheel actively induces dealers, retailers, distributors, and users to directly infringe the asserted claims of the '626 patent.  By way of example only, upon information and belief, Rev Wheel actively induces direct infringement of the '626 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use, refurbishing, and/or servicing of the DV8 Electric Steps.  Upon information and belief, Rev Wheel acted with the knowledge that the actions it induced would constitute infringement.

54.     Rev Wheel's actions also constitute contributory infringement of the '626 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief,

- 9 -

Rev Wheel contributorily infringes because, among other things, Rev Wheel offers to sell and/or sells within the United States, and/or imports into the United States, components of the DV8 Electric Steps that constitute material parts of the invention of the asserted claims of the '626 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Rev Wheel to be especially made or especially adapted for use in an infringement of the '626 patent.

55. Upon information and belief, Rev Wheel's ongoing infringement of the '626 patent is willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '626 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

56. As a consequence of Rev Wheel's infringement of the '626 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

57. Unless enjoined, Rev Wheel and/or others acting on behalf of Rev Wheel will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 9,561,751)

58. Lund re-alleges and reincorporates the allegations set forth in paragraphs 1 through 57.

59. Certain of Rev Wheel's retractable vehicle step products, including at least the DV8 Electric Steps, are covered by one or more claims of the '751 patent, including at least Claim 13.

60. Rev Wheel has infringed the '751 patent under 35 U.S.C. § 271(a), § 271(b), and § 271(c) through the manufacture, use, sale, offer for sale, and/or importation into the United States of retractable vehicle steps, including the DV8 Electric Steps.

61.    Rev Wheel has directly infringed one or more claims of the '751 patent through manufacture, use, sale, offer for sale, and/or importation into the United States of the DV8 Electric Steps.

62.    For example, the DV8 Electric Steps include all of the limitations of Claim 13 of the '751 patent.

63.    The DV8 Electric Steps include a stepping platform.

64.    The DV8 Electric Steps include a mounting bracket configured to be attached to a vehicle.

65.    The DV8 Electric Steps include a plurality of non-parallel support linkages configured to pivotably move the stepping platform from a retracted position to an extended position located outboard of the retracted position.

66.    The DV8 Electric Steps include a stepping platform linkage connected to the stepping platform and at least one of the plurality of support linkages, where the stepping platform linkage includes a straddling segment located on an end opposite the stepping platform, where the straddling segment includes two flanges spaced apart at a width greater than a width of the at least one of the plurality of support linkages, the two flanges being configured to retain and straddle one end of the at least one of the plurality of support linkages.

67.    The stepping platform of the DV8 Electric Steps has a width greater than the width of any of the plurality of support linkages and the stepping platform linkage.

68.    The DV8 Electric Steps has at least four axes of rotation, two of which are located on the mounting bracket and two of which are located within the straddling segment.

69.    The DV8 Electric Steps include at least one support linkage that is configured to pivot within the straddling segment.

/ / /

- 11 -

70.     The stepping platform of the DV8 Electric Steps is configured to move downwards and outboard when moving from the retracted position to the extended position.

71.     Rev Wheel was aware of the '751 patent at least because it was aware of Lund's prominent PowerStep$^{TM}$ product, which was marked with the patent number of each asserted patent and/or a parent or grandparent thereof.

72.     Rev Wheel has actively induced and/or will actively induce others to infringe the '751 patent.  Rev Wheel's acts constitute induced infringement of the '751 patent in violation of 35 U.S.C. § 271(b).

73.     Rev Wheel actively induces dealers, retailers, distributors, and users to directly infringe the asserted claims of the '751 patent.  By way of example only, upon information and belief, Rev Wheel actively induces direct infringement of the '751 patent by providing directions, demonstrations, guides, manuals, training for use, and/or other materials necessary for the use, refurbishing, and/or servicing of the DV8 Electric Steps.  Upon information and belief, Rev Wheel acted with the knowledge that the actions it induced would constitute infringement.

74.     Rev Wheel's acts also constitute contributory infringement of the '751 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Rev Wheel contributorily infringes because, among other things, Rev Wheel offers to sell and/or sells within the United States, and/or imports into the United States, components of the DV8 Electric Steps that constitute material parts of the invention of the asserted claims of the '751 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Rev Wheel to be especially made or especially adapted for use in an infringement of the '751 patent.

75.     Upon information and belief, Rev Wheel's infringement of the '751 patent is willful, deliberate, and intentional by continuing its acts of

infringement after becoming aware of the '751 patent and its infringement thereof, thus acting in reckless disregard of Lund's patent rights.

76.     As a consequence of Rev Wheel's patent infringement of the '751 patent, Lund has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost sales, lost profits and loss of market share.

77.     Unless enjoined, Rev Wheel and/or others acting on behalf of Rev Wheel will continue their infringing acts, thereby causing additional irreparable injury to Lund for which there is no adequate remedy at law.

## VI.  **PRAYER FOR RELIEF**

1.     WHEREFORE, Plaintiff Lund prays for judgment and seeks the following relief:

(1)     Pursuant to 35 U.S.C. § 271, a determination that Rev Wheel and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them have infringed each of the '277, '626, and '751 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(2)     Pursuant to 35 U.S.C. § 283, an injunction enjoining Rev Wheel and its officers, agents, servants, employees, dealers, retailers, distributors, manufacturers, attorneys and all others in active concert and/or participation with them from infringing the '277, '626, and '751 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

(3)     Pursuant to 35 U.S.C. § 284, an award compensating Lund for Rev Wheel's infringement of the '277, '626, and '751 patents through payment of not less than a reasonable royalty on Rev Wheel's sales of infringing products;

(4)     Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Rev Wheel's infringement of each of the '277, '626, and '751 patents in view of the willful and deliberate nature of the infringement;

(5)     Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs;

(6)     An assessment of prejudgment and post-judgment interest and costs against Rev Wheel, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

(7)     An award of taxable costs; and

(8)     Such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 8, 2017          By:  /s/ Sean M. Murray
                                   John B. Sganga
                                   Sean M. Murray
                                   Loni Morrow

                                   Attorneys for Plaintiff
                                   LUND MOTION PRODUCTS, INC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lund Motion Products, Inc. demands a trial by jury of all issues raised by the pleadings which are triable by jury.


Dated:  May 8, 2017                    By: */s/ Sean M. Murray*
                                            John B. Sganga
                                            Sean M. Murray
                                            Loni Morrow

                                        Attorneys for Plaintiff
                                        LUND MOTION PRODUCTS, INC

25642243